# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SAFEPOINT INSURANCE COMPANY** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| **GOLDENHOME PROPERTY, LLC** | * | **JUDGE** |
| | * | **MAGISTRATE JUDGE** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Safepoint Insurance Company (hereinafter "Safepoint"), who respectfully represents as follows:

1.

Safepoint is a foreign insurer who is licensed to do business in the State of Louisiana within the jurisdiction of this Honorable Court.

2.

Made Defendant herein is Goldenhome Property, LLC ("Defendant"), a limited liability organized under the laws of the State of Louisiana. Defendant's members are Dong Liu and Qiau Chen, who are both domiciled in East Baton Rouge Parish. Thus, Defendant is domiciled in Louisiana. The property at issue in this litigation is also located in Jefferson Parish. Thus, venue is proper.

3.

Jurisdiction in this Honorable Court is also proper based on the diversity of the parties. Safepoint is a Florida corporation with its principal place of business in Temple Terrace, Florida.

4.

Although this Complaint seeks adjudication for declaratory relief for contractual damages, Defendant has made allegations of contractual damages and extra-contractual damages set forth in La. R.S. 22:1892 and 1973 throughout the claims process, which indicates that the amount in controversy will be over $75,000.00 as set forth in 28 U.S.C §1332.

5.

Safepoint issued a homeowner's policy to Goldenhome Property, LLC policy no. SLAD1417988-04, effective February 12, 2021 through February 12, 2022.

6.

The Policy provided Defendant with coverage against certain risks relating to the property located at 1609 42nd Street, Kenner, LA 70065. The Policy provided $364,000.00 in coverage to the dwelling, $3,600.00 in coverage for personal property, and 36,400.00 in coverage for fair rental value.

7.

Defendant alleges that the interior and exterior of the property sustained windborne damage on August 29, 2021.

8.

Safepoint inspected the property on October 1, 2021 and issued payment to Defendant in the amount of $20,589.09.

9.

On April 21, 2022, Safepoint received correspondence from the Defendant with an attached estimate from ICA Insurance Claim Advocates, LLC, which suggested that the amount of loss was $99,055.85.

10.

Because of a dispute as to the amount of loss, Safepoint turned to the "CONDITIONS" portion of the policy, which allows the parties to invoke appraisal to set the amount of loss.

11.

The Safepoint Policy provisions regarding appraisal are set forth in pertinent part as follows:

**8. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

12.

On May 6, 2022, Safepoint sent a letter to Defendant invoking the appraisal provision in the policy and appointing Cody King as its appraiser. Defendant then responded by appointing Chris Moran as its appraiser.

13.

The parties moved forward with appraisal, and the appraisers inspected the property on June 29, 2022.

14.

On July 19, 2022, the appraisers executed a joint appraisal award setting the amount of loss for Coverage A (Dwelling) at $74,836.51 and $3,714.09 for Coverage B (Other Structures).

15.

On July 28, 2022, Safepoint tendered a $50,681.51 check to Defendant, which was the total appraisal award of $78,550.60 less prior payments of $20,589.09 and deductible of $7,280.00.

16.

Courts have held that contractually specified appraisal awards are presumed accurate and every reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of property.[1]

17.

Additionally, the burden of demonstrating that the award should not be confirmed must fall upon the party challenging it.[2] In order to be successful in challenging an appraisal award, the challenging party must produce evidence "that the appraiser's honesty or integrity is suspect."[3]

18.

Furthermore, Louisiana case law indicates that if the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written.[4]

19.

---

[1] *St. Charles Parish Hosp. Serv. Dist. No. 1*, *supra*, at 754, citing *In re Waters,* 93 F.2d 196, 200 (5th Cir. 1937).
[2] *Id*; *Dufrene, supra*, at 403; s*ee* La. CIV. CODE. arts. 1983, 2045-46 (2017).
[3] *Dufrene, supra*, at 403*; St. Charles Parish Hosp. Serv. Dist. No. 1*, *supra, at* 754-55, citing *Carriage Court Condo. Owners Ass'n, Inc.* v. *State Farm Fire & Cas. Co.*, 07-7715, 2009 WL 1565937, at *3 (E.D. La. May 28, 2009); *Dawes v. Contin'l Ins. Co. of City of New York,* 1 F.Supp. 603, 605-06 (E.D. La. Oct. 22, 1932).
[4] *Cadwallader v. Allstate Ins. Co.,* 848 So.2d at 579, citing *Succession of Fannaly v. Lafayette Ins. Co.,* 01-1355, p. 4 (La. 1/15/02); 805 So.2d 1134, 1138.

Here, the Appraisal provision clearly dictates that the amount of damages agreed upon by the appraisers sets the amount of loss.

20.

The Defendant also cannot meet its burden of proving that the appraisers failed to perform their respective duties or that their honesty and integrity were suspect.

21.

Safepoint seeks a declaratory judgment to rule on the validity of Safepoint's Appraisal provision and resulting award.

22.

Safepoint further pleads the terms, conditions, provisions, and limitations contained in the Policy as if copied herein *in extenso*.

23.

**WHEREFORE,** for the reasons set forth above, Safepoint Insurance Company respectfully requests this Honorable Court grant relief in the form of a declaratory judgment to rule on the validity of Safepoint's Appraisal provision and resulting award.

[Signature block on the following page.]

Respectfully submitted,

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD – #31602**
**JOHN A. DORAN – #39161**
jdoran@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
**Attorneys for Plaintiff, Safepoint Insurance Company**

**Service to be made pursuant to FRCP Rule 5(a) upon:**

**Goldenhome Property, LLC**
Through its registered agent for service of process:
Dong Liu
1534 Turret Drive
Baton Rouge, LA 70816

and

**Goldenhome Property, LLC**
Through its attorney:
Jared Shearman
Hair Shunnarah Trial Attorneys
3540 S. I-10 Service Road W., Suite 300
Metairie, LA 70001